UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN COSBY,

                                               Plaintiff,

          -v.-                                                9:10-CV-0595
                                                                      (TJM)(DEP)

COLLEEN RUSSELL, *et al.*,

                                             Defendants.
_____

APPEARANCES:

JOHN COSBY
94-A-2671
Five Points Correctional Facility
Caller Box 119
Romulus, NY 14541
Plaintiff, *pro se*

THOMAS J. MCAVOY
Senior United States District Judge

**DECISION and ORDER**

**I.**    **Background**

      Currently before the Court for review is plaintiff John Cosby's amended complaint. Dkt. No. 7. Plaintiff submitted the amended complaint in compliance with the Decision and Order of this Court filed on July 29, 2010. Dkt. No. 4 ("July Order"). By the July Order, the Court (1) found that plaintiff's complaint stated plausible claims against defendants Russell, Bishop, Lennox, Pilon, and Mayo, and (2) advised plaintiff that his claims against defendants Wilson, Mulverhill, Hayes, Griffin, Pritchard, Rich, and Kline would be dismissed without prejudice unless plaintiff submitted an amended complaint which included allegations of wrongdoing against those parties.[1]

---

[1] The original complaint contained no facts alleging what, if any, wrongdoing was attributable to Wilson, Mulverhill, Hayes, Griffin, Pritchard, Rich, or Kline. *See* Dkt. No. 1; *see also* Dkt. No. 4 (July Order).

**II.    Amended complaint**

In his amended complaint, plaintiff alleges as follows. On May 14, 2007, after plaintiff was threatened by correctional officer Stormer, plaintiff filed a complaint against Stormer with the Deputy Superintendent of Security. Dkt. No. 7, ¶¶ 22-23. On that same day, plaintiff alleges that defendants Russell, Bishop, Lennox, Pilon, and Mayo, used excessive force against plaintiff in violation of his right to be free from cruel and unusual punishment. *Id.*, ¶¶ 24-32. Plaintiff alleges that defendant Kline was deliberately indifferent to "his subordinate(s) (correction officers) use of excessive force in a malicious, sadistic manner upon plaintiff." *Id.*, ¶ 44. Plaintiff claims that defendants Hayes, Pritchard, and Rich failed to intervene to stop "the malicious, sadistic beating of plaintiff on the part of their fellow coworkers NYS Correction Officers excessive use of force." *Id.*, ¶ 46. Plaintiff claims that defendants' actions, or inaction, were in retaliation for his filing a grievance against correctional officer Stormer. *Id.*, ¶ 15. Plaintiff alleges that Dr. Thomas twisted plaintiff's injured left ankle and leg "without first obtaining an x-ray" in "deliberate indifference" to plaintiff's serious medical need. *Id.* at 11; *see also id.*, ¶¶ 36-37. For a more complete statement of plaintiff's claims, refer to the amended complaint.

   **A.    Defendants Griffin, Wilson, and Mulverhill**

Plaintiff has not named Correctional Officer Griffin as a defendant in either the caption or the list of defendants of his amended complaint, nor has he included any allegations of wrongdoing by Griffin. Accordingly, Correctional Officer Griffin is dismissed **without prejudice** as a defendant to this action.

Plaintiff's amended complaint purports to include Douglas J. Wilson and Kyle J. Mulverhill as defendants. However, plaintiff fails to allege any act or omission by Wilson or Mulverhill or any involvement by these defendants in the violation of plaintiff's rights. In fact, these defendants are only included in the caption and the "Parties" section of the amended complaint. Dkt. No. 7 at 1, 3.

2

Where a defendant is listed in the caption but the body of the complaint fails to indicate what the defendant did to the plaintiff, dismissal is appropriate. *Gonzalez v. City of N.Y.*, No. 97 CIV. 2246, 1998 WL 382055 at *2 (S.D.N.Y. Jul. 9, 1998); *see also Crown v. Wagenstein*, No. 96 CIV. 3895, 1998 WL 118169, at *1 (S.D.N.Y. Mar.16, 1998) (mere inclusion of warden's name in complaint insufficient to allege personal involvement); *Taylor v. City of New York*, 953 F. Supp. 95, 99 (S.D.N.Y. 1997) (same). Because plaintiff has failed to allege any personal involvement on the part of defendants Wilson and Mulverhill in a constitutional deprivation of plaintiff's rights, Wilson and Mulverhill are dismissed as defendants from this action **without prejudice**.[2]

### B.     Due Process and Equal Protection Claims Against Russell and Bishop

Plaintiff alleges that defendants Russell and Bishop removed plaintiff from his cell under "false pretenses during the time he was keep-locked under the disguise of purposes of escorting him to the commissary, when plaintiff wasn't supposed to be taken out of his cell." Dkt. No. 7, ¶ 38. Plaintiff also claims that the failure of defendants Russell and Bishop "to intervene" to stop plaintiff's "beating by fellow officers, deprived [plaintiff] of his due process and equal protection rights under law." *Id.*, ¶ 41.

For plaintiff to allege a violation of his due process rights, he must establish that he has suffered a deprivation of a constitutionally protected property or liberty interest. *See Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 193 (2d Cir.1994). The Equal Protection Clause requires that the government treat all similarly situated people alike. *City of Cleburne v. Cleburne Living Ctr.* 473 U.S. 432, 439 (1985). Specifically, the Equal Protection Clause "bars the government from selective adverse treatment of individuals compared with other similarly situated individuals if 'such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish

---

[2] The Court notes that plaintiff has already been provided with an opportunity to amend any claims that he might have against Griffin, Wilson, and Mulverhill. *See* July Order.

the exercise of constitutional rights, *or malicious or bad faith intent to injure a person*.'" *Bizzarro v. Miranda*, 394 F.3d 82, 86 (2d Cir. 2005) (emphasis in original) (quoting *LeClair v. Saunders*, 627 F.2d 606, 609-10 (2d Cir. 1980)).

Plaintiff, here, fails to allege that (1) he suffered any deprivation of a property or liberty interest or (2) that he was treated differently than similarly situated individuals. Plaintiff merely alleges that he was removed from his cell under "false pretenses." This allegation fails to state a claim of constitutional dimension in any regard. Plaintiff's due process and equal protection claims against defendants Russell and Bishop are dismissed **without prejudice**.[3]

### C.     Dr. Thomas

Plaintiff does not include Dr. Thomas as a defendant in the caption of his amended complaint. However, in the body of the amended complaint, plaintiff appears to allege that Dr. Thomas was deliberately indifferent to his serious medical needs when he twisted plaintiff's injured ankle, which was later discovered to be broken, before taking an x-ray. Dkt. No. 7, ¶¶ 36, 37. Plaintiff also includes Dr. Thomas in his request for relief. *Id.* at 11. Both the Supreme Court and Second Circuit have held that pro se litigants generally are entitled to have the courts liberally construe their pleadings, which should be read to raise the strongest arguments that they suggest. *See e.g., Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (citing, *inter alia, Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam) (holding that the allegations in a *pro se* complaint are "h[e]ld to less stringent standards than formal pleadings drafted by lawyers")). Accordingly, the Clerk of the Court will be directed to add Dr. Thomas as an additional defendant to this action.

---

[3]  Plaintiff's other claims against defendants Russell and Bishop will be discussed below.

### D. Remaining Claims

Construed liberally, plaintiff's amended complaint alleges that his rights under the Eighth Amendment were violated when (1) defendants Russell, Bishop, Lennox, Pilon, and Mayo used excessive force against plaintiff; (2) defendant Kline was deliberately indifferent to the use of excessive force by his subordinates; and (3) defendants Hayes, Pritchard, and Rich failed to intervene to stop the use of excessive force against plaintiff. Plaintiff also claims that the actions, or inaction, of the aforesaid defendants were in retaliation for plaintiff filing a grievance against correctional officer Stormer, and therefore violated plaintiff's rights under the First Amendment. Mindful of the Second Circuit's instruction that a *pro se* plaintiff's pleadings must be liberally construed, *see e.g. Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the First and Eighth Amendment claims against defendants Russell, Bishop, Lennox, Pilon, Mayo, Kline, Hayes, Pritchard, and Rich will be allowed to proceed. In so ruling, the Court expresses no opinion as to whether plaintiff's claims can withstand a properly filed motion to dismiss or for summary judgment.

WHEREFORE, it is hereby

ORDERED that Griffin, Wilson, and Mulverhill are dismissed as defendants to this action **without prejudice**; and it is further

ORDERED that plaintiff's due process and equal protection claims against defendants Russell and Bishop are dismissed **without prejudice** for the reasons set forth above; and it is further

ORDERED that the Clerk is directed to add Dr. Thomas, Great Meadow Correctional Facility, as a defendant; and it is further

ORDERED, that the Clerk of the Court shall issue summonses and forward them, along with copies of the amended complaint, to the United States Marshal for service upon defendants Russell, Lennox, Pilon, Bishop, Mayo, Pritchard, Rich, Kline, Hayes, and Thomas, together with a copy of this Decision and Order. The Clerk of the Court shall also forward a copy of the summons and

amended complaint by mail to the Office of the Attorney General for the State of New York, together with a copy of this Order; and it is further

ORDERED, that a formal response to plaintiff's amended complaint be filed by the defendants or their counsel as provided for in Rule 12 of the Federal Rules of Civil Procedure subsequent to service of process on the defendants; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of it was mailed to all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a certificate of service showing that a copy was served upon all opposing parties or their attorneys will be stricken from the docket.**  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in Plaintiff's address; his failure to so may result in the dismissal of this action.**  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court; and it is further

ORDERED that the Clerk serve a copy of this Order on plaintiff in accordance with the Local Rules.

Dated: February 22, 2011

6

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge